RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MAR 2 6 2025

- DANIEL J. McCOY, CLERK   WB

BY:_____

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## _____ DIVISION

FABIO VARGAS GONZÁLEZ
_____
**Petitioner's Name and Number**

2:25-cv-0389
_____
**Civil Action Number**

_____
**Judge**

VS.

Warden
Felipe Martinez, Jr.
Oakdale FCI-2
_____
**Name of Respondent**

_____
**Magistrate Judge**

### APPLICATION FOR FEDERAL WRIT OF HABEAS CORPUS
### UNDER 28 U.S.C. §2241

1. Present place of confinement _____ Oakdale FCI-2 _____

2. Indicate the basis for your petition and complete the portions of the application form indicated:

   a. _____   A conviction.
   b. _____   A sentence. CAUTION: If you are attacking a sentence imposed under a federal judgment, you must first file a direct motion under 28 U.S.C. §2255 in the federal court which entered the judgment.
   c. _____   Prison discipline.
   d. _____   A parole problem.
   e. _____   A detainer placed by the State of _____
   f. _____   A deportation order or detainer placed by the Immigration & Naturalization Service.
   g. _____   Continued detention in the custody of the Immigration & Naturalization Service.
   h. __X__       Other _BOP's denial of applicable earned Time Credits_

3. **PERSONS CHALLENGING A FEDERAL CONVICTION OR SENTENCE COMPLETE THIS PART.**

   a.   Name and location of court which entered judgment of conviction and the sentence you are currently serving and which is currently under attack. _____
   _____

   b.   Date of judgment of conviction. _____

   c.   Length of sentence imposed. _____

   d.   Name of sentencing judge. _____

2

e.   Nature of the offense(s) for which you were convicted (list all counts). _____
_____
_____

f.   What was your plea?.
_____   Guilty
_____   Not Guilty
_____   Nolo Contendere

If you entered a GUILTY plea to one count or indictment and a NOT GUILTY plea to
another count or indictment, give details. _____
_____
_____
_____

g.   Type of trial.
_____   Jury
_____   Judge Only

h.   Did you testify at trial?
_____   Yes
_____   No

i.   Did you appeal from the judgment of conviction?
_____   Yes
_____   No

j.   If you did appeal, answer the following:
1.   Name of court. _____
2.   Result of appeal. _____
_____
3.   Date of result. _____
4.   Grounds raised on appeal. _____
_____
_____
_____

k.   Other than a direct appeal from the judgment of conviction and sentence, have you filed
any other petitions, applications or motions with respect to this judgment in any court,
state or federal?
_____   Yes
_____   No

If YES, give the following information:
1.   Name of court. _____
2.   Nature of proceeding. _____
_____
3.   Grounds raised. _____

3

_____

_____

_____

    (i) ·     Did you receive an evidentiary hearing on the petition, application, or motion?

         _____     Yes

         _____     No

    (ii)     If YES, give the following information:

         Result. _____

         Date of result. _____

l.     Have you filed a motion under Section 2255 of Title 28 of the United States Code to vacate, set aside, or correct the sentence imposed?

    _____ ·     Yes

    _____     No

    If YES, what grounds were presented? _____

_____

_____

m.     Do you have any petition, application, or appeal pending in any court, state or federal?

    _____     Yes

    _____     No

    If YES, give the following information:

    1.     Name of court. _____

    2.     Nature of proceeding. _____

_____

    3.     Date of filing. _____

    4.     Suit Number. _____

    5.     Current status. _____

n.     Have you been sentenced on more than one count of an indictment, or on more than one indictment in the same court at the same time?

    _____     Yes

    _____     No

o. ·     Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack in this petition?

    _____     Yes

    _____     No

    If YES, give the following information:

    1.     Name and location of the court which imposed the sentence to be served in the future. _____

    2.     Length of sentence to be served in the future. _____

    3.     Have you filed or do you contemplate filing any petition attacking the judgment which imposed the future sentence.

         _____     Yes

4

_____    No

**4. PERSONS CHALLENGING A DECISION BY THE PAROLE COMMISSION COMPLETE THIS PART.**

      a.      Have you presented this claim or any other claim challenging the Parole Commission's decision to the National Appeals Board or any other available agency for review?

            _____    Yes
            _____    No

            If YES, what was the result?_____

**5. PERSONS CHALLENGING A STATE DETAINER COMPLETE THIS PART.**

      a.      Have you presented this claim or any other claim concerning the legality of the state detainer placed against you to that state's highest court?  (NOTE: Interstate Agreement on Detainers)

            _____    Yes
            _____    No

**6. PERSONS CHALLENGING ACTIONS BY THE IMMIGRATION & NATURALIZATION SERVICE COMPLETE THIS PART.**

      a.      Have you presented this claim or any other claim concerning the INS's action to the Board of Immigration Appeal?

            _____    Yes
            _____    No

            If YES, what was the date and result of the appeal?_____

_____

**7:  THIS SECTION IS TO BE COMPLETED BY ALL PETITIONERS.**

      Specifics of your claim. State concisely and clearly every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  Do not cite case law.  Give only factual information.

GROUND ONE BOP has acknowledged that an eligible prisoner, with a detainer lodged by ICE is eligible to apply the earned time credits under the FSA. Thus, such position is causing Petitioner to be held unlawfully.

SUPPORTING FACTS  Petitioner was assigned an "Eligible Status" to earn Time Credits under the FSA, nevertheless, a detainer lodged by ICE on: _____ that caused the Administration to state that Petitioner was ineligible to apply _____ days of T.C.'s accured. _____ GROUND TWO_____

_____

_____

SUPPORTING FACTS _____

GROUND THREE _____

_____

_____

SUPPORTING FACTS _____

_____

_____

_____

GROUND FOUR _____

_____

_____

SUPPORTING FACTS _____

_____

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

3-22-2025
**Date Executed**                              **Signature of Petitioner**

6

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MAR 2 6 2025

DANIEL J. McCOY, CLERK
BY:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

FABIO VARGAS GONZALEZ

-PETITIONER-

v.

FELIPE MARTINEZ Jr.
Warden,
OAKDALE FCI 2
Defendant.

_____

Civil Complaint For A Writ Of Habeas Corpus
Pursuant To 28 U.S.C.S. § 2241

_____

Case No._____

### Jurisdiction

The Federal Bureau of Prisons ("FBOP") has miscalculated
Plaintiff's sentence. And he is in custody in violation of
the Constitution, laws and treaties of the United States. And
this Court has Jurisdiction pursuant to 28 U.S.C.S. 2241(c)(3)
to review Plaintiff's claims.

–Memorandum–
## In Support Of Motion Under 28 U.S.C.S. § 2241

### I. The FBOP has exceeded Congress' authority and directives. Because the First Step Act of 2018, does not allow the BOP to implement a Policy which precludes an eligible prisoner, with a lodged ICE detainer, from having his earned time credits applied to afford him early release.

COMES Now the Plaintiff being FABIO VARGAS GONZALEZ , who acting in the capacity of Pro se litigant, respectfully MOVES this Honorable Court to issue an order granting the submitted Petition of Habeas Corpus under 28 U.S.C.S. § 2241, and order his immediate release.

### Statements of Facts

The First Step Act of 2018, (FSA) (Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), expressly provides the criteria for which prisoners are eligible or ineligible to earn time credits, (TC's) to be applied towards early release, see 18 U.S.C.S. 3632(a); [18 U.S.C.S. 3632 et.seq] Section 3632(d)(4)(A)(i), specifically states:

"A Prisoner, except those ineligible, listed under Subpara-graph "(D)", who completes evidenced based recidivism reduction programming (EBRR) activities, or productive activities (PA"s) shall earn 10-days of TC's fir every 30-days of participation in EBRR or PA's; or

(ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who over two conse-cutive assessments, has not increased their risk of recidivism, shall earn an additional 15-days of time credits for every 30-days

of successful participation in evidence based recidivism

reduction programming or productive activities, 18 U.S.C.S.

3632(d)(4)(1) and (ii).

Under Section 3632(d)(4)(D): a Prisoner is ineligible to earn

TC's, if the prisoner is serving a sentence for a conviction

of any of the sixtyeight (68) offenses listed in this Subparagraph;

(only two offenses listed in this long list, 59-and -60 make

ineligible a deportable prisoner).

As Section 3632(d)(4)(E)(i) or (ii) states:

"A deportable prisoner is ineligible to apply earned TC's

towards pre-release custody or supervised release, if the

prisoner is not the subject of a final order of deportation" Id.

A. The ICE Detainer:

To exercise this authoritative jurisdictional requirement

the prisoner must be in cutody for the purposes of the ICE detainer,

see e.g., Galaviz-Medina v. Wooten, 27 F.3d 487, 492-93 (10th Cir.

1994)("To meet the preliminary jurisdictional requirements, we must

determine first, whether [the prisoner] is in custody and second,

whether he is in custody because of an order of deportation").

Plaintiff is undoubtly in custody. But he is not in ICE's

custody. The BOP does not assert, or provide any evidence that,

Immigration officials have taken any action with respect to

Prisoner's immigration status other than to issue the detainer.

But a detainer is nothing more than a request, that prison

authorities notify ICE prior to an individual's release, see

Nasious v. Two Unknown BICE Agents, 366 F.App'x 894, 896 (10th

Cir. 2010)(unpublished). In other words, a detainer "serves only as a notice to federal prison authorities that [ICE] is going to be making a decision about the deportability of the [non-citizen] in the future", Id. Galaviz-Medina, 27 F.3d At 493. Accordingly, "the detainer does not serve to establish either present or future restraints on a [prisoner's] liberty", Id.

At bottom then, the fact that ICE has issued a detainer is not sufficient by itself to satisfy the custody requirement. Indeed, in order for the BOP to allege that a prisoner is "in custody" for the purposes of the ICE detainer, under the Subsection criteria, the BOP would need to allege that a prisoner is subject to a final order of deportation, Id. Despite a prisoner's status as a federal prisoner, he is in custody for the purpose of serving his criminal sentence, rather than due to the ICE detainer.

"An alien... who seeks to earn time credits is subject to proceedings described in Section 238(a) of the Act (8 U.S.C.S. 1228(a)), at a date as early as praticable during the prisoner's incarceration".

The FSA does not require as a precondition for eligibility that the prisoner be free of a detainer. Thus, the BOP's lack of authority to exclude a deportable prisoner, with a detainer lodged by ICE, from having his earned time credits, must be applied in a timely and appropiate manner, to afford him early release. Almost all deportable prisoners are subject to a detainer, however the FSA

did not include all deportable prisoners in Subsection 3632(d)(4)(D).

Petitioner is serving a sentence for conspiracy to distribute FENTANYL          a crime not listed within the framework of Section 3632(d)(4)(D), nor does he have a final order of deportation., nor has ICE lodged a detainer against him as of today. On 12-17-2024 Plaintiff requested through a BP-8 the application of his earned time credits, to allow him to seek other discretionary judicial relief (Exhibit 01), for early release. Because he has been assigned an eligible status to receive FSA's Tc's. On 3-01-2025     Plaintiff also filed a BP-11 with the BP-8 attached to the Warden (Exhibit 02), because many inmates began the process to file BP-8 and BP-9 . requesting their time credits. The Administrative staff, including counselors, case managers, unit managers, among others. With the main speaker being Unit Manager Mrs. Maxey, who addressed the inmates in turn, stating that the inmate should stop filing BP-8 and BP-9, because there were not eligible for FSA time credits, because they had an ICE detainer. But this did not discourage the inmates from filing their Administrative Remedies. Again, the staff held a meeting in each of the Units, and told the inmate population that, at an undetermined time, they will be receiving their time credits based on changes in the BOP's Policy Statement 523.44, making them eligible if they do not have a Final Order of Deportation.

## i. Administrative Exhaustion Is Futile

While Section 2241, generally requires Petitioners to exhaust the Administrative Remedy Appeals process before

proceeding in the District court, "a court may waive the requirement of exhaustion of administrative remedies, if they are effectively unavailable or obviouly futile", see Boz v. United States, 248 F.3d 1290, 1300 (11th Cir. 2001) ("A petitioner need to not to engage in the BOP's Administrative Appeal process, which cannot provide relief for the Petitioner").

First, the BOP's automated broad system used to calculate FSA's TC cannot be changed by lower level staff, and is a procedural dead end; Second, Plaintiff is being actively harmed by very recent changes in BOP's Policy and cannot timely complete the Administrative Remedy process without extending the length of his incarceration. Especially in this case where Oakdale FCI-2 staff does not want to accept the Administrative forms, to continue the process would be futile. The BOP recently began using a Centralized Automated System to calculate FSA's TC... because this calculation is automated [see 18 U.S.C.S. 3632 et.seq.] as the system. Thus, the outcome of an Administrative Appeal would be predetermined. The Petitioner's actual FCT's result is what the BOP system says it should be without prejudice to what is required by law. This makes exhaustion futile, see McCarthy v. Madifgan, 503 U.S. 140, 148 (1992).

. Plaintiff submitts that further Administrative exhaustion would be futile, because the Warden Mr. Felipe Martinez Jr., based on Program Statement 532.44 already denied the same petition that he would have sought in his BP-10.

The Court in Jones v. Warden Engelman, No. 2:22-cv-05292, 2022 U.S. Disct. LEXIS 185635 (C.D. Cal. Sept. 2022), granted Petitioner's writ of habeas corpus under 2241, and directed the BOP to immediately apply the earned time credits. Although Jones had a detainer and did not exhaust the Administrative process. As the Court conclusively held:

"Courts have broad discretion to waive the exhaustion requirement when administrative remedies are inadequate or their exercise would be futile, or irreparable injury would result without judicial intervention", see Id. at 15,

Further, administrative review proceedings would not clarify the BOP's position, which is that it has discretion to interpret and implement the FSA in a manner that requires a federal prisoner to be free of pending charges or detainers, see Darryl Moody v. Acting Warden T. Gubbiotti, Civ. No. 21-12004, 2022 U.S. Dist. LEXIS 181399 (US.D.C. Dist. of New Jersey 2022)."In order to have the TC's he or she has earned to be applied..... when the agency involved has predetermined the issues before it, this is a recognized circumstance in which the interest of the individual weights heavily against requiring  Administrative Exhaustion", (Id. at 29-21).

A. The BOP has violated the APA:

"A person who suffers legal injury because of agency actions or who is adversely affected or aggrieved by agency actions within the meaning of a relevant statute is entitled to judicial relief therefrom". Through violation of the statute

7

statutory authority granted by Congress, see 5 U.S.C.S. 551.
Thus, Plantiff's petition is ripe for review.

– Arguments –
## II. Plaintiff Is Entitled To Earlier Supervised Release Upon Application Of Earned FSA Time Credits

Plaintiff is entitled to earlier supervised release. The Federal Bureau of Prisons (BOP) has miscalculated his earned time credits (TC's) under the FSA. Causing him prejudice in seeking other judicial consideration for early release. The only plausible reading based upon the plain language of Section 3632(d)(4)(E)(1) and (ii) is only prisoners with a final order of removal that are statutorily ineligible to apply for FSA Time Credits. This reading is consisten with the views of other courts, and with 28 C.F.R. 523.44, which sets forth how FSA Time Credits may be applied. This regulation permits the BOP to apply FSA credits towards prerelease custody or supervised release. Except, the Bureau of Prisons may not apply FSA credits to prisoner who is the subject of a final order of removal. The CFR is therefore is consistent with 3632, and makes no mention of alien prisoners with detainers.

## A. The First Step Act Time Credits:

On January 19, 2022, the Federal Bureau of Prisons issued its final rules condifying the BOP's procedures for earning and the application of Time Credits under the First Step Act of 2018.

On January 19, 2022 the BOP issued its final rule codifying

-8

the BOP procedures for earning and application of time credits under the FSA, in a comment to the final rule, the BOP stated that "FSA time credits should be earned for programs sucessfully completed on or after December 21, 2018, the date of the enactment of the First Step Act, instead of January 15, 2020, see Goodman v. Ortiz, No. CV-20-7582 (RMB), 2020 U.S. Dist. LEXIS 153874, 2020 wl 5015613, at 6 (D.NJ. Aug. 20, 2020), as indicated in the proposed rule", 2:

> "[T]he FSA provides that eligible inmates earn FSA Time Credits toward prerelease custody or early transfer to supervised release for successfully completing approved evidenced-based recidivism reduction (EBRR) programs or productive activities (PA), assigned to each inmate based on the inmate's risk and needs assessment. Inmates eligible to apply time credits under the FSA include individuals sentenced under U.S. Code, as required by the FSA, an inmate cannot earn FSA Time Credits if that inmate is serving a sentece for a disqualifying offense, or has a disqualifying prior conviction. However, such inmates may still earn other benefits for successfully completing recidivism reduction programming, such as increase privileges (commissary, visiting and telephone) for participation in EBRR programs or PA's, as autorized by the Bureau of Prisons, as pertinent here, the BOP amended the interim rule to allow inmates eligible under the First Step Act to receive retroactive time credits for programming and activities they participated, starting on Dec. 21, 2018. the date of the FSA enactment".

In determing how to award FSA Time Credits during the period before all individualized risk and needs assessment had been completed, Id.

As it is well known, the BOP faces administrative challenges consistent with the phase-in approach contemplated by the FSA, the Bureau did not have mechanisms in place to methodically track participation in EBRR's and PA's until January 15, 2020, because comprehensive uniform tracking codes did not exist. In addition, it was not until that date that the Bureau had completed individualized risk and needs assessments for every inmate, and thus had a basis to conclude that there was en evidence based reason to assign a particular program to, or recommend particular activities for an inmate, in order to reduce a particular inmate's risk of recidivism, (This continues to be a problem at Oakdale FCI_2, where no programs are available, Administrative staff had stated to the inmate population that: "All you have to do is to maintain a low or minimum level and you will be alright"). Thus, in many instances, inmates were participating in programs for reasons other than addressing a criminogenic need. Due to these Administrative difficulties, for inmates participating in programming after the date of the FSA's enactment, but before the date that the Bureau had completed all risk and need assessments (CED. 18, 2018-to-Jan. 14, 2020), it is not feasible for the Bureau to connect individual inmate population participation in programming to individualized risk and needs assessments, since risk and needs assessments' tool did not exist until well after the date of the

FSA's enactment. Instead, for inmate participation in programming during this period of time, the Bureau will exercise its discretion to award FSA time credits to inmates otherwise deemed eligible under the First Step Act by applying the same criteria as that applied to inmate participation in authorized EBRR programs or PA's recommended based on a risk and needs assessment after January 2020 to determine the inmate's retroactive time credit balance. Eligible inmates will be afforded a presumption of participation for the period between December 21, 2018, and January 14, 2020 on-ward, and awarded time credits accordingly. Prisoners who earned sufficient TC's during the phase-in period of the FSA's recidivism risk reduction program "could be released prior the end-date [January 15, 2020] for the two year phase-in[.]", see Goodman, 2020 U.S. Dist. LEXIS 153874, 2020 wl 5015613, at 6.

B. The BOP Final Rule:

The BOP proposed rule on implementation of the FSA's TC's was published in the Federal Register on November 25, 2020, 85 FR 75268. The public comment period ended on January 25, 2021. As a result of a larger number of responses during the public comment period, the January 2022, BOP final rule contained many significant changes. Acknowledged the new rule. Thus, the BOP was to calculate Palintiff's TC's under the new rule. Plaintiff has earned TC's applicable toward pre-release custody. Because inmates were eligible to apply TC's "if they have been determined under [PATTERN] system to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner", see 18 U.S.C.S. 3624(g)(1)(D)(i)(ii),

see Moody v. Gubuitti, No. 21-12004 (RMB, 2022 U.S. Dist. LEXIS 181399 (Oct. 02, 2022)). The BOP itself prioritized inmates for whom it would calculate earned TC's to those who had minimum of low risk PATTERN scores and were 24-months of release, Id. Plaintiff squarely falls into this category, because his minimum PATTERN score made him eligible, Id. Further, Plaintiff has completed several Recidivism Risk Reduction Programs and Productive Activities for his assessed needs, see FSA time credit assessment sheet attached.

Plaintiff is seeking that, the total appropiate calculation and immediate application of those earned time credits. Because the BOP's final rule permitted inmates with a higher PATTERN score to earn time credits  and those credits could be earned retroactively to the enactment of the First Step Act on december 21, 2018. Plaintiff is in danger of untimely release to supervised release, or other discretionary judicial relief.

Plaintiff has earned:_____Program days (_____ months/_____days), from: 12/21/2022, to _____/_____/ 2025,

_____days of RRC/HC, (_____months/_____days); 108 days of good credit ("GCT"). This would result in a time served of

_____months, and would have resulted in a release date of: January 20,____2025 , in the instant case.

Plaintiff has maintained good conduct, thus, jurisdiction of this court exists under 28 U.S.C.S. 2241, because he is in custody in violation of the Constitution; laws and treaties of the United States; 2241 (c)(3), the BOP is miscalculating his sentence and his claim if successful would result in speedier release, see Eiland v. Warden Fort Dix FCI, 634 F.App'x 87,98 (3rd Cir. 2015).

Taking into consideration that the        Plaintiff's two
consecutive minimum or low PATTERN scores for application of
TC's to prerelease custody under 18 U.S.C.S. 3624(g) are at
a minimum. Up to the filing of this complaint he does not
have lodged detainer. 18 U.S.C.S. 3632(d)(4)(G) states:

> "Time credits earned under this Paragraph by prisoners
> who successfully participate in receidivism reduction
> programs or productive activities shall be applied toward
> time in prerelease custody or supervised release, the
> Director of the Bureau of Prisons shall transfer eligible
> prisoners, as determined under Section 18 U.S.C. 3624(g),
> into prerelease custody or supervised release", Id.

18 U.S.C.S. 3624(g)(2) defines: "The types of prerelease custody
that the Bureau of Prisons may place an inmate in as, Home Confine-
ment and RRC's, in accordance with Program Statement 7310.04. Inmates
with unresolved pending charges, or detainers, which will likely
lead to arrest, conviction or confinement shall not ordinarily
participate in CCC programs", Id.

Plaintiff does not have any pending charges or currently has
a detainer lodged against him. Plaintiff avowed that he was not
seeking prerelease custody, but rather early placement on supervised
vised release, which required only that: "The prisoner has been
determined under the system to be a minimum or low risk to recidi-
date pursuant to the last reassessment of the prisoner", (Quoting
18 U.S.C.S. 3624(g)(1)(D)(ii)).

Plaintiff avowed that he was not seeking prerelease custody but rather early placement on supervised release, which required only that "the prisoner has been determined under the system to be a minimum or low risk to recidivate, pursuant to the last reassessment of the prisoner" (Quoting 18 U.S.C.S. 3624(g)(1)(D)(ii)).

The U.S. Probation Office may evaluate Plaintiff's family conditions, employment detail and reputational background. Because there is no evidence that he is a danger to the community.

<u>Conclusion</u>

Plaintiff respectfully requests this Honorable Court grant his motion, and order the Federal Bureau of Prisons (FBOP) to appropiately calculate his earned EBRR's and PA's Time Credits in a timely and effective manner, and release him to supervised release.

Respectfully submitted this day: _____/ _____/ 2025, by the Pro se Plaintiff: FABIO VARGAS GONZALEZ

Reg. NO. :01492-509

Housed At:    Oakdale FCI-2
              P.O. Box 5010
              Oakdale , LA.
              71463

Signature: _____

14.